**BRISCOE v. SNODGRASS et al.**

**No. 9922.**

Court of Civil Appeals of Texas. San Antonio.

March 3, 1937.

Rehearing Denied April 7, 1937.

Augustus McCloskey, of San Antonio, for appellant.

Boone, Henderson, Boone & Davis, of Corpus Christi, for appellees.

SMITH, Chief Justice.

When the nonessentials are excluded, the case simmers down to a suit for damages resulting from an alleged wrongful injunction restraining appellant from enforcing an order of sale and writ of possession designed to put appellant in possession of a hotel and its furniture and fixtures, situated in Robstown.

It appears that appellees, Snodgrass and wife, were in possession of said property by virtue of having purchased the same, at the time appellant obtained a judgment of foreclosure thereon, and seizure thereunder by the sheriff, in a suit to which the Snodgrasses were not parties. The Snodgrasses recovered and retained possession of the property through the duration of a temporary injunction, issued upon a $1,000 bond furnished by them as a condition to the issuance of the writ. Subsequently, upon appellant's motion to dissolve, the court ordered dissolution of the injunction unless the Snodgrasses executed a substitute bond, for an increased amount. The Snodgrasses failed to substitute the bond, and dissolution of the injunction followed by force of that default. In the meantime, or immediately following, possession of the property passed to another judgment creditor, through admittedly valid and superior foreclosure proceedings.

The present suit was brought by Briscoe against Snodgrass for damages for the rental value of the property during the period of the injunction, and for the value of the hotel furniture and fixtures alleged to have been converted by Snodgrass. These claims were made by appellant upon the assumption that said injunction was wrongfully procured by Snodgrass; they stand or fall by that assumption.

The trial judge found as facts that the injunction was not wrongfully issued, and, further, that Snodgrass did not take from the hotel any of the furniture or other personal property alleged to have been taken from the hotel; and still further, that the value of such furniture, and other personal property as was missing at one time or another from the hotel, was not shown with such definiteness as to authorize a finding thereon. These findings of fact are not challenged here by assignment of error, and under them the court rendered the only judgment that could have been rendered in the case.

The judgment is affirmed.